United States District Court
Southern District of Texas

**ENTERED**

March 31, 2022

Nathan Ochsner, Clerk

# United States District Court
## Southern District of Texas
## Houston Division

| | | |
|---|---|---|
| ANTONIO CABALLERO, | § § | Civil Action No. 4:21-cv-01668 |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | Judge Charles Eskridge |
| | § | |
| | § | |
| FUERZAS ARMADAS | § | |
| REVOLUCIONARIAS | § | |
| DE COLUMBIA, *et al*, | § | |
| Defendants. | § | |

## Order Staying Action

This action is stayed pending ruling by Judge Lawrence J. Vilardo on the motion by Petroleos de Venezuela and its subsidiaries to quash writ of execution and vacate turnover judgment in *Caballero v Fuerzas Armadas Revolucionarias de Columbia, et al*, 1:20-mc-00040 (WDNY).

### 1. Background

Plaintiff Antonio Caballero brought action in December 2012 against Fuerzas Armadas Revolucionarias de Colombia (referred to as *FARC*), Ejercito de Liberacion Nacional, and the Norte de Valle Cartel in the Eleventh Judicial Circuit of Florida. See *Caballero v FARC, et al*, No 12-048803-CA (Fla Cir Ct 2012). He sought damages under the Alien Tort Statute, 28 USC § 1350, for injuries he sustained as a result of the kidnapping, torture, and killing of his father. Dkt 34-1 at 6–64 (Florida complaint). The defendants didn't appear or otherwise respond. A default judgment for over $45 million thus entered against them. Id at 71 & 74–168 (Florida default and default

judgment). That judgment was trebled pursuant to 18 USC § 2333. Id at 193.

Caballero next brought action against the same defendants for the same acts in the United States District Court for the Southern District of Florida in December 2018. See *Caballero v FARC, et al,* 1:18-cv-25337 (SD Fla). This time, Caballero alleged that he was a naturalized citizen of the United States and sought damages under the Anti-Terrorism Act, 18 USC § 2333. Dkt 34-1 at 171 (SD Florida complaint). The defendants again didn't appear, and Caballero secured a default judgment for the same amount as that received in the Florida state court action. Id at 177–91, 193.

Caballero then sought to enforce that judgment against Petroleos de Venezuela SA. PDVSA is a Venezuelan state-owned oil company whose assets in the United States were blocked in January 2019 by the Office of Foreign Assets Control pursuant to Executive Order 13850. Id at 208. Caballero argues that the FARC is a designated terrorist organization, and that PDVSA is an agency or instrumentality of the FARC. And so, he says, the assets of PDVSA are subject to garnishment under the Terrorism Risk Insurance Act, 28 USC § 1610 note. Id at 201–02.

Caballero registered his judgment in both state and federal courts across the country. See Dkt 30 at 3–6 (listing cases). In particular, he registered his judgment in the 284th Judicial District Court for Montgomery County, Texas, on September 28, 2020. See *Caballero v FARC, et al*, 20-09-11744 (284th Dist Ct, Montgomery County, Tex 2020). He there filed an *ex parte* motion for an agency or instrumentality determination against PDVSA. Dkt 34-1 at 195–216. The state court found that PDVSA was an agency or instrumentality of the FARC. And Caballero used this determination to secure writs of garnishment against H.J. Baker Sulphur LLC, Universal Weather and Aviation Inc, and Solar Turbines Inc. Id at 218–20, 222–27, 275–80, 328–33, 358, 363; Dkt 45-1 at 493–94. Each garnishee allegedly holds "blocked assets in the putative name of, or for the benefit of" PDVSA. Id

at 225, 278, 330. A judgment in garnishment issued against H.J. Baker, which turned over the blocked funds to Caballero. Dkt 34-1 at 451–55.

PDVSA then appeared in each action and removed them to the United States District Court for the Southern District of Texas. 4:21-cv-00912 (state registration case); 4:21-cv-00913 (H.J. Baker case); 4:21-cv-00914 (Universal Weather case); 4:21-cv-00916 (Solar Turbines case). These cases were consolidated in this Court. Dkt 25.

Caballero also registered his judgment in the United States District Court for the Western District of New York in September 2020, and he there secured an *ex parte* agency or instrumentality determination against PDVSA. *Caballero v FARC, et al*, 1:20-mc-00040 (WDNY), Dkts 1, 13 & 15. He used this determination to obtain a writ of execution and turnover judgment against the blocked assets of PDVSA allegedly held by M&T Bank Corporation. Id at Dkts 23 & 35. PDVSA subsequently moved to intervene and stay the turnover judgment. Id at Dkt 37. That motion was granted. Id at Dkt 39.

PDVSA simultaneously challenges the agency or instrumentality determination in both this Court and in the New York Action. Dkt 34; New York Action, Dkt 85. In response, Caballero seeks to stay this action pending resolution of the New York Action. Dkt 38.

2. Legal standard

The United States Supreme Court holds that the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v North American Co*, 299 US 248, 254 (1936). Such questions are left to the sound discretion of the district court. Id at 255.

A respected treatise notes that a stay may be justified when a similar action involving the same parties and same issues is pending before another federal court. Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1360 (Westlaw 2021); see also *Ioina v Brinker*

3

*International Payroll Co*, 2010 WL 3219009, *1 (SD Tex); *Wolf Designs Inc v Donald McEvoy Ltd*, 341 F Supp 2d 639, 642 (ND Tex 2004); *ACF Industries Inc v Guinn*, 384 F2d 15, 19 (5th Cir 1967). "In these situations, the court's objectives are to avoid conflicting judicial opinions and to promote judicial efficiency." Wright & Miller, *Federal Practice and Procedure* § 1360; *West Gulf Maritime Association v ILA Deep Sea Local 24*, 751 F2d 721, 728–29 (5th Cir 1985); *Ioina*, 2010 WL 3219009 at *1.

The movant bears the burden of demonstrating that a stay is warranted. *Patino v City of Pasadena*, 229 F Supp 3d 582, 586 (SD Tex 2017). The court should consider the hardship to the movant if no stay is entered, prejudice to the non-moving party if a stay is granted, judicial economy, and the expected length of the stay. See *Wedgeworth v Fibreboard Corp*, 706 F2d 541, 545–46 (5th Cir 1983).

### 3.   Analysis

Judge Lawrence J. Vilardo has actively overseen the New York Action since September 2020. He now awaits briefing by the United States as *amicus curiae* that will also address questions and issues raised by this litigation. New York Action, Dkt 106. In contrast, no substantive proceedings took place in this Court until March 2021, when Caballero moved to consolidate the removed Texas state court actions. Dkt 8. And no further action has occurred since the close of briefing in August 2021 on the motion by PDVSA challenging the agency and instrumentality determination by the Texas state court. Dkt 48. These differing procedural postures provide the context in which this motion to stay is considered.

*As to the hardship to Caballero if no stay is entered*, Caballero asserts that he "would be forced to litigate in this Court the same legal and factual issues" already briefed in the New York Action. Dkt 38 at 18. He also argues that proceeding here would increase the potential for inconsistent rulings that could unduly delay his collection efforts. Id at 18. Such arguments ring hollow considering the multi-jurisdictional litigation initiated by Caballero. See Dkt 30 at 3–6. He faces no hardship different from any

other litigant who chooses to undertake multi-jurisdictional litigation. This consideration weighs against granting a stay.

*As to the prejudice to PDVSA if a stay is granted*, PDVSA contends that a stay would be highly prejudicial to its interests because the writs of garnishment over the assets would be maintained. And in the case of H.J. Baker, the funds already turned over would remain with Caballero. Dkt 44 at 6–7. To the contrary, the reality is that the funds at issue are blocked by OFAC—meaning that neither PDVSA nor the garnishees may use them. And the claims of harm by PDVSA are especially disingenuous considering that PDVSA moved to stay the New York Action where its purported assets were also subject to a writ of garnishment. New York Action, Dkt 58. This consideration favors Caballero.

*As to judicial economy*, PDVSA brings nearly identical motions with identical arguments in both this action and the New York Action. Dkt 34; New York Action, Dkts 85 & 85-1. Specifically, PDVSA asks both courts to determine whether (i) the courts lacked subject matter and personal jurisdiction over PDVSA when making their *ex parte* agency or instrumentality determinations; (ii) the agency or instrumentality determinations and the resulting writs of execution/garnishment are void for ineffective service; (iii) the TRIA applies to PDVSA; (iv) Caballero proved that PDVSA is an agency or instrumentality of the FARC; (v) PDVSA owns the blocked assets; and (vi) the default judgment against the FARC is void for lack of jurisdiction. Dkt 34 at 20–45; New York Action, Dkt 85-1 at 22–53. Caballero unsurprisingly makes nearly identical arguments in response to these motions. Dkt 45; New York Action, Dkt 90.

Such overlap counsels strongly in favor of allowing the more advanced court to first proceed—that being the Western District of New York. Judge Vilardo is intimately familiar with the proceedings, as he made the initial agency or instrumentality determination and ordered the assets at issue there be turned over. New York Action,

Dkts 15 & 35. He has also ruled on the motion by PDVSA to reconsider his order substituting counsel and denying the motion by PDVSA to stay. Id at Dkts 78 & 97. The motion by PDVSA to quash the writ of execution and vacate the turnover judgment is now ripe for determination by Judge Vilardo. Id at Dkt 85. What's more, Judge Vilardo has ordered the United States to submit a brief as *amicus curiae* to address the questions and issues raised by this litigation. Id at Dkt 106. Such input from the United States is of undoubted importance.

As urged by PDVSA, it's of course true that "there is no guarantee that final resolution of the issues in the Western District of New York would squarely dispose of the issues before this Court." Dkt 44 at 7. And further, this Court might ultimately disagree with the decision issued by Judge Vilardo. But allowing the New York Action to proceed first will provide this Court the benefit of that considered decision. This is especially pertinent considering the dearth of caselaw available as to the applicability and interaction of the Federal Sovereign Immunities Act, the ATS, the ATA, and the TRIA in circumstances similar to these cases.

In short, staying this action in favor of the New York Action without question promotes judicial efficiency. Cf *Caballero v FARC, et al*, 20-mc-80146 (ND Cal), Dkt 56 (staying similar action in ND Cal in favor of action in SD Cal to avoid duplicative litigation). This weighs heavily in favor of granting the stay.

*As to the length of stay*, PDVSA raises legitimate concerns regarding the indeterminate length of the stay proposed by Caballero. See Dkt 44 at 6. While this favors PDVSA, it is a consideration that can be addressed in the order of stay itself. Consequently, the stay ordered will remain in effect only until Judge Vilardo issues his ruling on the motion by PDVSA to quash the writ of execution and vacate the turnover judgment. New York Action, Dkt 85. Whether to then extend the stay will be subject to further briefing and consideration.

The considerations pertinent to stay of this action favor Caballero. In sum, a stay will promote the disposition of this action "with economy of time and effort." *Landis*, 299 US at 254.

4. Conclusion

The motion by Plaintiff Antonio Caballero to stay this litigation is GRANTED. Dkt 38.

This action is STAYED and ADMINISTRATIVELY CLOSED pending resolution by Judge Lawrence J. Vilardo of the motion by Petroleos de Venezuela and its subsidiaries to quash writ of execution and vacate turnover judgment in *Caballero v Fuerzas Armadas Revolucionarias de Columbia, et al*, 1:20-mc-00040 (WDNY).

The parties are ORDERED to provide notice once Judge Vilardo rules on that motion.

If no ruling issues by September 30, 2022, the parties must file a joint report advising of status in the action before Judge Vilardo and whether any modification of this stay is warranted.

SO ORDERED.

Signed on March 31, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

7